COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-408-CR

 

 

JAMES CRAIG STEVENS                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In one point, Appellant James Craig Stevens
asserts that the trial court erred by denying Stevens=s
request for DNA testing.  We affirm.

 

 








II. 
Factual and Procedural History

On October 1, 1997, Stevens was convicted by a
jury of the first degree felony offense of aggravated sexual assault of a child
under fourteen years of age.[2]  The jury assessed punishment at twenty-eight
years=
confinement. Stevens appealed, and this court affirmed Stevens=s
conviction.  See Stevens v. State,
No. 02-97-00547-CR (Tex. App.CFort
Worth Nov. 25, 1998, pet. ref=d) (mem.
op., not designated for publication). 

On December 9, 2002, Stevens filed a motion for
forensic DNA testing and appointment of counsel.  The trial court appointed counsel for Stevens
on December 9, 2002.  The State filed its
response to the motion and proposed findings of fact and conclusions of law on
September 16, 2008.  It also provided two
affidavits from the Fort Worth Police Department indicating that the police had
never possessed any DNA evidence in the case and a police report recounting the
complainant=s assault allegations, including
that the last one occurred a month before her outcry, and an admission by
Stevens.  The trial court denied Stevens=s motion
and adopted the State=s proposed findings and
conclusions on October 1, 2008.  

Among those findings and conclusions were as
follows:








Findings of Fact

5.  The Fort Worth Police Department, Property
Room was never in possession of any evidence in this case. . . . ;

 

6.  The Fort Worth Police Department, Forensics
Division was never in possession of any evidence relating to this case. . . . ;

 

7. There is evidence that
the victim=s outcry occurred
approximately one month after the last sexual assault. . . . ;

 

8.  There is no evidence to test in this case.

 

Conclusions of Law

 

2.  No evidence exists in a condition making DNA
testing possible.

 

3. 
Defendant is not entitled to DNA testing. 

This appeal followed.

III. 
Discussion

A. Standard of Review

We employ a bifurcated standard of review to a
trial court=s decision to deny a motion for
DNA testing, affording almost total deference to the trial court=s
determination of issues of historical fact and application-of-law-to-fact
issues that turn on credibility and demeanor and reviewing de novo other
application-of-law-to-fact issues.  Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002).  

 








B. Applicable Law        

Under chapter 64 of the code of criminal
procedure, a court must order DNA testing only if the statutory preconditions
are met.  See Bell v. State, 90
S.W.3d 301, 306 (Tex. Crim. App. 2002). 
The particular provision at issue here sets out:

(a) A convicting court
may order forensic DNA testing under this chapter only if:

 

(1) the court finds that: 

 

(A) the evidence:  

 

(i) still exists and is
in a condition making DNA testing possible; and . . . 

 

(B) identity was or is an issue in the case. . . . 

 

(b) A convicted person
who . . . whether before or after conviction, made a confession or similar
admission in the case may submit a motion under this chapter, and the
convicting court is prohibited from finding that identity was not an issue in
the case solely on the basis of that . . . admission . . . . 

 

Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2008).

C.  Analysis








In his sole issue, Stevens argues that the trial
court abused its discretion by denying his motion by considering his admission
of guilt in the police report and then determining that identity was not an
issue, stating, A[b]y inference the State is
alleging the applicant admitted the offense by including police report with
admission.@ 
However, according to the code of criminal procedure, to order DNA
testing, the trial court must find that DNA evidence still exists and
that identity was an issue.  See id. art.
64.03(a).  The court=s
findings of fact and conclusions of law demonstrate that the trial court denied
Stevens=s motion
because DNA did not exist, and not because identity, which was not addressed,
was not an issue.  Therefore, the
consideration, or lack of consideration, of the purported admission is
immaterial.  Further, a relevant reason
for the police report=s inclusion is that it explains
the absence of DNACthat is, the date of the report
is a month after the last assault alleged by the complainant.

For the foregoing reasons, we hold that the trial
court did not abuse its discretion by denying Stevens=s motion
for forensic DNA testing, and we overrule Stevens=s sole
issue.

IV. 
Conclusion

Having overruled Stevens=s sole
issue, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL: MCCOY, DAUPHINOT,
and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 26,
2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 22.021 (Vernon
Supp. 2008).